**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **ANDREW HOWARD BRANNAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:13-cv-454 (MTT)** |
| ) | |
| **Commissioner BRIAN OWENS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

## ORDER

Before the Court is the Recommendation of Magistrate Judge Stephen Hyles. (Doc. 7). Following a preliminary review pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommends dismissing all of the claims and Defendants except for the Plaintiff's Eighth Amendment claims against Defendants Rowles, Thorneloe, Humphrey, Owens, Scott, and Fowlks. The Plaintiff has filed an objection "and/or motion for amended complaint" in which he attempts to raise additional facts relevant to his claims. (Doc. 9).

The Court has considered the Plaintiff's objection and construes it as a motion to amend his complaint. *See Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (holding that where prisoner made additional allegations in the form of objections to the recommendation of dismissal, the collective substance of the allegations should be construed liberally as a motion to amend the complaint). A plaintiff may amend his pleading once as a matter of course up to 21 days after a responsive pleading or motion has been served upon him. *See* Fed. R. Civ. P. 15(a)(1)(B). The screening provision of § 1915A does "not affect in any way a prison[er's] right to amend his complaint under Rule 15." *Newsome*, 256 F. App'x at

344 (citing *Brown v. Johnson,* 387 F.3d 1344, 1349 (11th Cir.2004)). In this case, the Plaintiff's motion to amend is timely as he has not yet been served with a responsive pleading or motion.

Having considered the Magistrate Judge's Recommendation and the Plaintiff's objection, the Recommendation is **ADOPTED** and made the order of this Court. The Plaintiff's Eighth Amendment claims against Defendants Rowles, Thorneloe, Humphrey, Owens, Scott, and Fowlks will go forward. The remaining claims and Defendants are **DISMISSED without prejudice**.

However, the Plaintiff's motion to amend his complaint is **GRANTED**. The Plaintiff should bear in mind that "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007). Therefore, any amended complaint the Plaintiff files should consist of a single document containing all of his initial allegations as well as any previously unalleged facts he wishes to raise. The amended complaint will be subject to § 1915A preliminary screening. The Plaintiff shall file his amended complaint no later than April 7, 2014. Failure to timely file an amended complaint may prevent the Plaintiff from re-alleging claims dismissed by this Order.

**SO ORDERED**, this 4th day of March, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT