IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANDREW HOWARD BRANNAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 5:13-CV-0454 -MTT-MSH |
| VS. | : | 42 U.S.C. § 1983 |
| | : | |
| Commissioner BRIAN OWENS, *et al.* | : | |
| | : | |
| Defendants. | : | |

### REPORT & RECOMMENDATION

Presently pending before the Court are Defendants' motions to dismiss (ECF Nos. 18, 21). For the reasons explained below, it is recommended that Defendants' motions to dismiss be granted.

### BACKGROUND

The present action arises out of Plaintiff's confinement at Georgia Diagnostic & Classification Prison ("GDCP"). Plaintiff, a death row inmate, alleged in his original Complaint that he suffers various psychiatric disorders and has not received proper medical treatment therefor. Additionally, Plaintiff contends that he was injured as a result of a "shake down" of his dorm and did not receive proper medical treatment or pain medication for his injuries.

After a preliminary review of his original Complaint, only Plaintiff's Eighth Amendment deliberate indifference claims against Defendants Rowles, Thorneloe, Humphrey, Owens, Scott, and Fowlks were allowed to go forward. (Order 2, Mar. 4,

2014, ECF No. 10.)   Plaintiff objected to the dismissal of some of his claims and asked the Court for the right to amend his Complaint.  (Objection 5-6, ECF No. 9.)   The Court granted Plaintiff's request and reminded Plaintiff that he should "bear in mind that 'an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.'"  (Order 2, Mar. 4, 2014 (quoting *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1219 (11th Cir. 2007).)   Plaintiff was also told that his amended complaint should "consist of a single document containing all of his *initial allegations* as well as any previously unalleged facts he wishes to raise."  (*Id.* (emphasis added).)   The Court then explained that any amended complaint would be subject to another preliminary review.   (*Id.*)

Plaintiff filed his Amended Complaint on April 8, 2014 (ECF No. 16).   The Amended Complaint asserts only a claim for excessive force against "CERT Officers Clark, Parks, Walker and Jackson."  (Am. Compl. 2-3.)   Plaintiff failed to reallege his Eighth Amendment deliberate indifference claims in the Amended Complaint despite the Court's Order with explicit directions that the Amended Complaint would supersede his initial Complaint.   Defendants Rowles, Thorneloe, Humphrey, Owens, Scott, and Fowlks thereafter moved to dismiss the Eighth Amendment deliberate indifference claims against them for failure to state a claim.  (ECF Nos. 18, 21.)   Those motions are now ripe for review.

## DISCUSSION

### I.    Motions to Dismiss

#### A.    Standard of Review

When considering a motion to dismiss under Federal Rules of Civil Procedure Rule

12(b)(6), the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

    B.    <u>Motions to Dismiss</u>

Defendants Rowles, Thorneloe, Fawlks, Humphrey, Owens and Scott move to dismiss Plaintiff's Amended Complaint for failure to state a claim. (ECF Nos. 18, 21.) The Defendants' motions should be granted because Plaintiff failed to reallege his deliberate indifference claims in his Amended Complaint as directed by the Court. Plaintiff was told that his Amended Complaint would "supersede[] the initial complaint and become[] the operative pleading in the case." (Order 2, Mar. 4, 2014 (internal quotation marks and citation omitted).) The Amended Complaint contains no allegations

against Defendants Rowles, Thorneloe, Fawlks, Humphrey, Owens or Scott and, as such, their motions to dismiss should be granted.

## CONCLUSION

For the reasons explained above, Defendants' motions to dismiss (ECF Nos. 18, 21) should be granted.  Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO RECOMMENDED, this 29th day of December, 2014.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE